# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

| | |
|---|---|
| **ANDRE JUSTE,** | |
| Plaintiff, | |
| v. | **CIVIL ACTION NO.: 3:19-CV-111 (GROH)** |
| **UNIT 23, Officer, Individual,** **UNIT 29, Officer, Individual,** **and UNIT 33, Officer, Individual,** | |
| Defendants. | |

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

Pending before the Court is Plaintiff Andre Juste's ("Plaintiff") pro se Motion [ECF No. 2] for Leave to Proceed In Forma Pauperis.[1] Because Plaintiff seeks to proceed *in forma pauperis*, the undersigned must conduct a preliminary review to determine whether Plaintiff's pro se Complaint [ECF No. 1] sets forth any viable claims. See 28 U.S.C. § 1915(e)(2)(B). For the reasons set forth below, the undersigned recommends that Plaintiff's complaint be dismissed and Plaintiff's motion to proceed *in forma pauperis* be denied as moot.

### II. THE COMPLAINT

Plaintiff brings this complaint against Unit 23, 29, and 33, individual police officers with the Martinsburg Police Department. ECF No. 1, at 1–2. Plaintiff's complaint raises the same factual allegations that Plaintiff has previously raised in Civil Action Number

---

[1] This motion was referred to the undersigned by order dated July 8, 2019. Order of Referral, ECF No. 4.

3:19CV97, in the Northern District of West Virginia.[2] Briefly, Plaintiff has a daughter, AAAJ, whom Plaintiff claims has been abducted and kidnapped from the City of Martinsburg by Lindsay Phillips. ECF No. 1, at 3. While Plaintiff does not say who Lindsay Phillips is in the instant complaint, looking to Plaintiff's prior case on the same issue reveals that Lindsay Phillips is AAAJ's aunt (i.e. the sister of AAAJ's mother, Stephanie Faith Brennan). Case No. 3:19CV97, ECF No. 5-1, at 3. Additionally, Plaintiff's prior case reveals that Ms. Brennan, who had full custody of AAAJ, signed over custody of AAAJ to Ms. Phillips because Ms. Brennan was incarcerated. Id.

Returning to the instant complaint, Plaintiff alleges that he filed three separate police reports of a missing or kidnapped child on account of Ms. Phillips taking AAAJ to Florida. ECF No. 1, at 9, 16.[3] Plaintiff claims that he requested Defendants return AAAJ to Martinsburg, West Virginia, and that Defendants have failed to return AAAJ for years. Id. at 9–10, 12. Plaintiff alleges that this failure to have AAAJ returned by Defendants is a violation of Plaintiff's Fourteenth Amendment rights and civil rights, a white-collar crime, a hate crime (under 18 U.S.C. § 249), obstruction of justice (under 18 U.S.C. § 1505), and perjury (under 18 U.S.C. § 1621).[4] Id. at 6, 8, 14, 17, 18.

Plaintiff alleges that he has suffered the loss of enjoyment of his daughter. Id. at 12. Plaintiff alleges that Defendants' conduct was extreme and outrageous and inflicted

---

[2] The undersigned's recommendation in the instant case will closely follow the undersigned's recommendation in Civil Action No. 3:19CV97 because that complaint and the instant complaint raise effectively identical factual allegations, even though Plaintiff's wording has changed.
[3] The police CAD Operations Reports contained in Plaintiff's prior case on this issue indicate that the police advised Plaintiff of his options regarding his child custody dispute. Case No. 3:19CV97, ECF No. 5-1, at 1–3.
[4] To the extent that Plaintiff claims that Defendants have committed federal crimes, the undersigned notes that any request for relief that asks the Court to bring criminal charges against Defendants is improper as a general matter. Federal courts do not bring criminal charges.

2

emotional distress on Plaintiff. Id. at 19. Plaintiff seeks $30,000,000 in compensatory damages, pre-judgment interest, fees, and costs allowable by federal law. Id. at 12, 15.

### III. LEGAL STANDARD

When filing a lawsuit in federal court, the plaintiff is required to pay certain filing fees. The court has the authority to allow a case to proceed without the prepayment of fees "by a person who affirms by affidavit that he or she is unable to pay costs . . . ." L.R. Gen. P. 3.01. The plaintiff files this affidavit along with his request or motion for leave to proceed *in forma pauperis*. Id. The Supreme Court of the United States has explained that the purpose of the "federal *in forma pauperis* statute . . . is designed to ensure that indigent litigants have meaningful access to the federal courts." Neitzke v. Williams, 490 U.S. 319, 324 (1989).

When a plaintiff seeks to proceed *in forma pauperis*, the court conducts a preliminary review of the lawsuit before allowing the case to proceed. See 28 U.S.C. § 1915(e). This includes cases filed by non-prisoners. See Michau v. Charleston Cnty., S.C., 434 F.3d 725, 727 (4th Cir. 2006) (holding that the district court did not abuse its discretion when it dismissed the non-prisoner complaints under 28 U.S.C. § 1915(e)(2)(B)). The court must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). A case is often dismissed *sua sponte* (i.e., on the court's own decision) before the defendant is notified of the case "so as to spare prospective defendants the inconvenience and expense of answering such complaints." Neitzke, 490

3

U.S. at 324. When reviewing pro se complaints, the Court must construe them liberally. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

As stated above, under the federal *in forma pauperis* statute, the court may dismiss a case if the complaint is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is frivolous if it is without "an arguable basis either in law or fact." Neitzke, 490 U.S. at 325. A complaint filed *in forma pauperis* which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. See id. at 328. Cases should only be dismissed as frivolous when the legal theories are "indisputably meritless," or where the claims rely on factual allegations which are "clearly baseless." Id. at 327; see also Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims where the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

The federal *in forma pauperis* statute allows a court to *sua sponte* dismiss a complaint that "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Federal Rule of Civil Procedure 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Although a complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Id. at 555 (citations omitted). To survive dismissal for failure to state a claim, the complaint must raise a right to relief that is more than speculative. Id. In other words, the complaint must contain allegations that are "plausible" on their face, rather than merely "conceivable." Id. at 555, 570. Therefore, in order for a complaint to survive

4

dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002)). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.; see also Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

## IV. DISCUSSION

### A. Jurisdiction

Before evaluating whether Plaintiff's complaint sets forth a claim for relief, the undersigned must first determine if this Court has subject-matter jurisdiction. If a "court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see also Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 390 (4th Cir. 2004) (stating that "questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised sua sponte by the court"). Subject-matter jurisdiction in federal courts must be based on diversity jurisdiction or federal-question jurisdiction. 28 U.S.C. §§ 1331, 1332. Sharp v. AT & T Commc'ns, 660 F. Supp. 650, 650 (N.D. W. Va. 1987).

Diversity jurisdiction has two requirements: First, there must be complete diversity of citizenship, meaning that each plaintiff is a citizen of a different state than each defendant. 28 U.S.C. § 1332. Here, there is not complete diversity of the parties because

5

Plaintiff is a citizen of West Virginia and Defendants are also citizens of West Virginia, so there is no diversity jurisdiction. See ECF No. 1-1, at 1.

Plaintiff's complaint indicates that Plaintiff is filing under 42 U.S.C. § 1983. ECF No. 1, at 7, 13.[5] Federal-question jurisdiction only requires that the action "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Pursuant to the well-pleaded complaint rule, "a federal question must appear on the face of [the] plaintiff's . . . complaint." Sharp, 660 F. Supp. at 650. Plaintiff alleges that Defendants violated his Fourteenth Amendment right and civil rights while acting under the color of state law. Id. at 14–15. Accordingly, the undersigned concludes that this is sufficient to establish subject-matter jurisdiction to evaluate Plaintiff's complaint on the merits.

Plaintiff seems to allege a state-law claim for intentional infliction of emotional distress ("IIED"). See ECF No. 1, at 19. Because there is no diversity jurisdiction and Plaintiff's claim for IIED clearly arises out of the same case or controversy as his § 1983 claims, this Court has subject-matter jurisdiction over that claim only if it elects to exercise its supplemental jurisdiction under 28 U.S.C. § 1367(a).

**B. Plaintiff's § 1983 Claims Are Frivolous and Should Be Dismissed**

An IFP complaint that fails to state a claim is not automatically frivolous as contemplated in 28 U.S.C. § 1915(e)(2)(B). See McLean v. United States, 566 F.3d 391, 399 (4th Cir. 2009) (citing Neitzke, 490 U.S. at 320). "[A] complaint is frivolous only 'where it lacks an arguable basis either in law or in fact.'" Id. (quoting Neitzke, 490 U.S. at 325). "Legally frivolous claims are based on an 'indisputably meritless legal theory' and include

---

[5] The undersigned notes that Plaintiff's cover sheet refers to "18 U.S.C. 922, Section 1503, obstruction of justice, unlawful act." ECF No. 1-1, at 1. None of this provides a basis for federal subject-matter jurisdiction. However, because Plaintiff refers to 42 U.S.C. § 1983 in his complaint, the undersigned will liberally construe Plaintiff's complaint as bringing a § 1983 claim.

'claims of infringement of a legal interest which clearly does not exist.'" Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quoting Neitzke, 490 U.S. at 327). For example, "claims of retaliatory actions are legally frivolous unless the complaint implicates some right that exists under the Constitution." Id.

Plaintiff's allegations do not implicate constitutional or federal rights to maintain a § 1983 claim. The police enjoy a wide latitude in fulfilling their investigative duties and functions. See United States v. Black, 707 F.3d 531, 534 (4th Cir. 2013). It is unclear how failure to do more than advise Plaintiff regarding his options in his child custody dispute implicates Plaintiff's Fourteenth Amendment right. It seems that Plaintiff is unhappy that the police will not get involved in his child custody dispute. However, child custody is a civil matter handled in and by the state courts, and Plaintiff's repeated efforts to seek relief in federal court is inappropriate.[6] Plaintiff does not have a constitutional or federal right to demand police officers interfere in his child custody dispute pursuant to Plaintiff's wishes.

In sum, Plaintiff's § 1983 claims are based on indisputably meritless legal theories because they do not implicate any constitutional or federal rights.[7] Accordingly, they should be dismissed without prejudice. See Nagy v. FMC Butner, 376 F.3d 252, 258 (4th Cir. 2004) ("We do not think, however, that Congress intended a dismissal under § 1915(e)(2)(B)(i) of the in forma pauperis statute to operate as a dismissal with prejudice.").

---

[6] A more appropriate remedy for Plaintiff's grievances with his lack of visitation with his daughter is to seek a new child custody order or to seek to amend the current child custody order in state court.

[7] Furthermore, a § 1983 claim requires that the plaintiff demonstrate that (1) a person (2) acting under color of state law (3) deprived him of the rights guaranteed by the Constitution or federal laws. See Rendall-Baker v. Kohn, 547 U.S. 830, 838 (1982). Because Plaintiff has failed to plead facts which implicate his constitutional or federal rights, he has failed to plead the third element required to state a § 1983 claim, and therefore, his § 1983 claims could also be dismissed for failure to state a claim.

### C. The Court Should Decline to Exercise Supplemental Jurisdiction over Plaintiff's IIED Claim

When a court dismisses all federal claims for failure to state a claim, the court generally retains discretion to exercise supplemental jurisdiction over pendent state-law claims. See Crosby v. City of Gastonia, 635 F.3d 634, 644 (4th Cir. 2011); see also Shanaghan v. Cahill, 58 F.3d 106, 109 (4th Cir. 1995) ("The doctrine of supplemental jurisdiction indicates that federal courts generally have discretion to retain *or* dismiss state law claims when the federal basis for an action drops away."). "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c)(3).

Based on the above recommendation of dismissal of Plaintiff's § 1983 claims, the undersigned recommends that the Court decline to exercise its supplemental jurisdiction over Plaintiff's state-law claim for IIED[8] and dismiss it without prejudice. See Hinson v. Norwest Fin. S.C., Inc., 239 F.3d 611, 616 (4th Cir. 2001) (noting that when declining to exercise supplemental jurisdiction, the court can dismiss the claim or remand to it state court, if it had been previously removed to federal court).

### V.   RECOMMENDATION

For the foregoing reasons, I **RECOMMEND** that Plaintiff's Complaint [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE** and Plaintiff's Motion [ECF No. 2] for Leave to Proceed In Forma Pauperis be **DENIED AS MOOT**.

Plaintiff, Andre Juste, shall have fourteen (14) days from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific**

---

[8] To the extent that Plaintiff alleges a state-law claim for IIED.

**written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection**. A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals**. See 28 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845–48 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); see also Thomas v. Arn, 474 U.S. 140, 155 (1985).

The Court directs the Clerk of the Court to mail a copy of this Report and Recommendation to the pro se Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

Further, because this Report and Recommendation completes the referral from the District Court, the Clerk is directed to terminate the Magistrate Judge association with this case.

Respectfully submitted this 11th day of July, 2019.

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE