# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**ANDRE JUSTE,**

      Plaintiff,

v.                                    **CIVIL ACTION NO.: 3:19-CV-111 (GROH)**

**UNIT 23, Officer, Individual,**
**UNIT 29, Officer, Individual,**
**and UNIT 33, Officer, Individual,**

      Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Currently pending before the Court is a Report and Recommendation ("R&R") issued by United States Magistrate Judge Robert W. Trumble. ECF No. 5. Pursuant to this Court's Local Rule, this action was referred to Magistrate Judge Trumble for a preliminary review to determine whether the Plaintiff's Complaint set forth any viable claims. ECF No. 4. On July 11, 2019, Magistrate Judge Trumble issued his R&R, recommending that the Court dismiss the Plaintiff's Complaint without prejudice and deny as moot his Sealed Motion for Leave to Proceed In Forma Pauperis. ECF No. 5.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to conduct a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, this Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file objections in a timely manner constitutes a waiver of *de novo* review and a plaintiff's right to appeal this Court's order. 28.U.S.C..§ 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United

States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).  Moreover, "[w]hen a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, *de novo* review is unnecessary."  Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)).

Objections to Magistrate Judge Trumble's R&R were due within fourteen days after being served with a copy of the same.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The R&R was sent to the Plaintiff by certified mail, return receipt requested, on July 11, 2019.  ECF No. 5.  The Plaintiff accepted service on July 15, 2019.  ECF No. 8.  The Plaintiff filed his objections on July 26, 2019.  ECF No. 9.  Accordingly, the Court will review the portions of the R&R to which the Plaintiff objects *de novo*.

In his R&R, Magistrate Judge Trumble recommends dismissing the Plaintiff's § 1983 claims for relief because the "claims are based on indisputably meritless legal theories because they do not implicate any constitutional or federal rights."  ECF No. 5 at 7.  Magistrate Judge Trumble further recommends the Court decline to exercise supplemental jurisdiction over the Plaintiff's state law claim for intentional infliction of emotional distress and dismiss it without prejudice.  Id. at 8.

In his objections, the Plaintiff continues to cite to violations of criminal codes.  As Magistrate Trumble stated in his R&R, "any request for relief that asks the Court to bring criminal charges against Defendants is improper as a general matter.  Federal courts do not bring criminal charges."  ECF No. 5 at 2.  Furthermore, to the extent the Plaintiff continues to refer to obstruction of justice and perjury, as correctly stated by Magistrate

2

Judge Trumble, this does not provide a basis for subject-matter jurisdiction. The Plaintiff's objections fail to address Magistrate Judge Trumble's recommendation that the claims be dismissed because they "are based on indisputably meritless legal theories because they do not implicate any constitutional or federal rights." ECF No. 5 at 7. The Plaintiff only generally states that he did not fail to state a claim.

Upon careful review of Magistrate Judge Trumble's R&R, the Court finds that the Plaintiff's § 1983 claims should be dismissed without prejudice because they do not implicate any constitutional or federal rights. Having found that all of the Plaintiff's § 1983 claims must be dismissed, the Court must now determine whether his state law claim survives. The Court cannot exercise diversity jurisdiction over the Plaintiff's state law claim because both the Plaintiff and the Defendants are citizens of West Virginia, and thus, there is no diversity of citizenship. Nevertheless, the Plaintiff's state law claim arises out of the same transaction and occurrence as his federal claims. Therefore, the Court may exercise its supplemental jurisdiction over this claim pursuant to 28 U.S.C. § 1367(a). However, the Court may "decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). In this case, the Court has found that all federal claims must be dismissed. Accordingly, the Court declines to exercise supplemental jurisdiction over the Plaintiff's state law claim.

Therefore, upon careful review, the Court **ORDERS** that Magistrate Judge Trumble's Report and Recommendation [ECF No. 5] is **ADOPTED** for the reasons more fully stated therein. The Plaintiff's Complaint [ECF No. 1] is **DISMISSED WITHOUT**

**PREJUDICE**.  The Plaintiff's Motions for Leave to Proceed In Forma Pauperis [ECF Nos. 2, 7] are hereby **DENIED AS MOOT**.

The Clerk is **DIRECTED** to **STRIKE** this case from the Court's active docket.  The Clerk is further **DIRECTED** to mail a copy of this Order to the pro se Plaintiff by certified mail, return receipt requested, at his last known address as reflected on the docket sheet.

**DATED:** December 11, 2019

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE